UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONALD LUNDY, | ) |
|                    *Plaintiff*, | ) |
|                    *vs*. | ) No. 1:20-cv-01764-JMS-MG |
| QUINTEN SHIVERDECKER and KING REAL ESTATE, LLC, | ) |
|                    *Defendants*. | ) |

**ORDER**

Plaintiff Ronald Lundy was visiting his mother's house when he was attacked by a pit bull dog owned by his mother's next-door neighbor, Defendant Quinten Shiverdecker. Mr. Lundy then initiated this litigation against Mr. Shiverdecker and Defendant King Real Estate, LLC ("King"), the owner of the house where Mr. Shiverdecker was residing, setting forth claims for negligence and negligence per se. [Filing No. 1.] Mr. Lundy has now filed a Motion for Judgment on the Pleadings or For Summary Judgment related to his claims against Mr. Shiverdecker, which is now ripe for the Court's consideration. [Filing No. 63.]

**I.**
**BACKGROUND**

**A. The June 8, 2019 Incident**

Mr. Lundy sets forth the following allegations in his Amended Complaint:

On June 8, 2019, Mr. Lundy was an invitee at a house owned by his mother and located at 801 Sheridan Street in Richmond, Indiana. [Filing No. 8 at 2.] Mr. Shiverdecker resided at 803 Sheridan Street. [Filing No. 8 at 3.] While Mr. Lundy was engaged in miscellaneous home repairs,

suddenly, and without warning, a black pit bull owned by Mr. Shiverdecker attacked him and attempted to extricate his left foot from his body. [Filing No. 8 at 2-3.]

On one or more occasions prior to June 8, 2019, Mr. Shiverdecker's pit bull had attacked or attempted to attack other people near Mr. Lundy's mother's house, including a United States Postal Service worker and a Richmond Power & Light employee. [Filing No. 8 at 3.] Mr. Shiverdecker's pit bull was a general nuisance to the health and safety of people walking near Mr. Lundy's mother's house. [Filing No. 8 at 3.]

Due to the pit bull attack, Mr. Lundy sustained severe and permanent injuries and damages and has incurred substantial medical expenses. [Filing No. 8 at 2.] Additionally, as a result of the pit bull attack, Mr. Lundy incurred lost wages, emotional distress, and scarring. [Filing No. 8 at 2.]

**B. The Lawsuit**

Mr. Lundy initiated this litigation on June 30, 2020 against Mr. Shiverdecker and King, as the owner of the house where Mr. Shiverdecker was living. In the operative Amended Complaint, Mr. Lundy asserts claims for negligence and negligence per se against Mr. Shiverdecker and King. [Filing No. 8.] On July 7, 2021, King filed a Motion for Summary Judgment, [Filing No. 35], which the Court granted, [Filing No. 51]. No claims against King remain.

On August 26, 2020, after Mr. Shiverdecker failed to respond to the Amended Complaint within the required time period, Mr. Lundy filed an Application for Clerk's Entry of Default. [Filing No. 16.] On September 15, 2020, Mr. Shiverdecker filed a letter apologizing to the Court for missing a status conference and stating that he had spoken to several attorneys and would be "calling the pro bono at the courthouse." [Filing No. 24.] Based on this filing, the Court found that Mr. Shiverdecker was "otherwise defending" the lawsuit pursuant to Fed. R. Civ. P. 55(a), and

2

denied Mr. Lundy's Application for Clerk's Entry of Default. [Filing No. 26.] The Court ordered Mr. Shiverdecker to answer or otherwise plead to the Amended Complaint by October 30, 2020, and noted that if he failed to do so, Mr. Lundy could renew his Application for Clerk's Entry of Default. [Filing No. 26 at 2.]

On February 4, 2021, Mr. Shiverdecker filed a letter to the Court advising that he would be representing himself. [Filing No. 29.] On January 13, 2022, Mr. Shiverdecker failed to appear for a status conference. [Filing No. 58.] Mr. Shiverdecker appeared telephonically for a status conference on July 18, 2022, [Filing No. 62], and Mr. Lundy filed the Motion for Judgment on the Pleadings or For Summary Judgment shortly thereafter, [Filing No. 63]. On October 4, 2022, Mr. Shiverdecker appeared telephonically for another status conference, but waived his participation. [Filing No. 67.] To date, Mr. Shiverdecker has not answered or otherwise pled to the Amended Complaint, or responded to the pending motion.

## II.
### DISCUSSION

### A. Motion for Judgment on the Pleadings

Mr. Lundy seeks judgment on the pleadings "[b]ecause the pleadings are closed with undenied allegations." [Filing No. 65 at 1.] He points to the Court's finding that Mr. Shiverdecker was "otherwise defending" the case in connection with its denial of Mr. Lundy's Application for Clerk's Entry of Default. [Filing No. 65 at 2.]

A motion for judgment on the pleadings requires that the pleadings be closed – *i.e.*, that the defendant has filed an answer. *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."); *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007) ("Under Rule 12(c), a party can move for judgment on the pleadings after the filing of the complaint and answer."); 2 James Wm. Moore, MOORE'S

FEDERAL PRACTICE § 12.38 (3d ed. 2019) ("If the pleadings have not closed because the defendant has failed to answer, the plaintiff's remedy is not a judgment on the pleadings. The proper motion in that situation is a motion for judgment of default under Rule 55.").

The Court acknowledges its finding in its September 29, 2020 Order that Mr. Shiverdecker was "otherwise defending" this case. [Filing No. 26.] But this is different than actually answering the Amended Complaint, as illustrated by the Court also ordering Mr. Shiverdecker in the September 29, 2020 Order to answer or otherwise respond to the Amended Complaint by October 30, 2020. [Filing No. 26.] Mr. Shiverdecker did not do so, and has not done so to date. Rule 12(c) requires "competing pleadings," 5C Arthur R. Miller, FED. PRAC. & PROC. CIV. § 1367 (3d ed. 2019), and because Mr. Shiverdecker has not filed an answer, there is not a competing pleading to consider and a motion for judgment on the pleadings is not appropriate at this juncture. Accordingly, Mr. Lundy's Motion for Judgment on the Pleadings or For Summary Judgment is **DENIED** to the extent that he seeks judgment on the pleadings. [Filing No. 63.]

### B. Motion for Summary Judgment

In the alternative, Mr. Lundy seeks summary judgment, arguing that Mr. Shiverdecker has admitted the allegations in the Amended Complaint, that Mr. Shiverdecker was negligent because he owed Mr. Lundy a duty of reasonable care to prevent the pit bull from attacking and biting Mr. Lundy since Mr. Shiverdecker knew the pit bull had attacked and bit others before, that Mr. Shiverdecker breached his duty by failing to use reasonable care to prevent his pit bull from attacking and biting Mr. Lundy, and that Mr. Shiverdecker caused Mr. Lundy's injuries by breaching his duty of reasonable care. [Filing No. 65 at 7-10.] Mr. Lundy also argues that Mr. Shiverdecker was negligent per se because he violated Richmond city Ordinance 91.15(c)(1), which requires that dogs be "securely confined indoors or in a securely enclosed and locked pen

4

or structure, suitable to prevent the entry of unauthorized persons and designed to prevent the animal from escaping." [Filing No. 65 at 11.]

Because a motion for summary judgment can be filed at any time, Mr. Lundy's request for summary judgment does not suffer from the same timing defect as his request for judgment on the pleadings. *See* Fed. R. Civ. P. 56(b) ("[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery."); 5C Arthur R. Miller, FED. PRAC. & PROC. CIV. § 1369 (3d ed. 2019) ("In terms of timing, the summary judgment motion can be made by the plaintiff or the defendant at any time…. By way of contrast, neither party may move for a judgment on the pleadings until the close of the pleadings."). "[T]he summary judgment procedure is available when the defendant fails to file an answer, whereas technically no relief would be available under Rule 12(c) because the pleadings have not been closed." *Id.*

But Mr. Lundy's request for summary judgment suffers from other defects. First, Local Rule 56-1(k)[1] requires that "[a] party seeking summary judgment against an unrepresented party must file and serve the notice contained in Appendix A [Notice Regarding Right to Respond to and Submit Evidence in Opposition to Motion for Summary Judgment]." S.D. Ind. L.R. 56-1(k); *see also Timms v. Frank,* 953 F.2d 281, 285 (7th Cir. 1992) ("[A]ll *pro se* litigants…are entitled to notice of the consequences of failing to respond to a summary judgment motion."). Mr. Shiverdecker is proceeding *pro se* in this case, and there is no indication on the docket that Mr. Lundy provided him with notice of his right to oppose the request for summary judgment or of the consequences of failing to do so.

---

[1] The Court notes that Mr. Lundy refers to "N.D. Ind. L.R. 56-1" in his brief, despite the fact that this case is pending in the United States District Court for the Southern District of Indiana. [Filing No. 65 at 1.] In any event, the Local Rules for the Northern District of Indiana contain a similar requirement for providing notice of a summary judgment motion to *pro se* parties. *See* N.D. Ind. L.R. 56-1(a)(4).

5

Second, Local Rule 56-1 requires that the movant include a section labeled "Statement of Material Facts Not in Dispute," and that each fact be supported "with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence." S.D. Ind. L.R. 56-1(a) and (e). Fed. R. Civ. P. 56(c)(1) similarly requires that facts which the movant claims are undisputed must be supported by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations…, admissions, interrogatory answer, or other materials." While Mr. Lundy has filed exhibits with his brief in support of his motion, he has not included a "Statement of Material Facts Not in Dispute" which cites to those exhibits. Additionally, while the Court understands that Mr. Lundy contends that Mr. Shiverdecker has admitted the facts alleged in the Amended Complaint, a complaint's allegations are not evidence for purposes of Fed. R. Civ. P. 56 or Local Rule 56-1.

Because Mr. Lundy's request for summary judgment fails to comply with Fed. R. Civ. P. 56 or Local Rule 56-1 – particularly Local Rule 56-1(k) – the Court **DENIES** Mr. Lundy's Motion for Judgment on the Pleadings or For Summary Judgment to the extent that it seeks summary judgment. [Filing No. 63.]

### C. Further Proceedings

As the Court noted in its September 29, 2020 Order, Mr. Lundy may renew his Application for Clerk's Entry of Default as Mr. Shiverdecker did not answer or otherwise plead to the Amended Complaint by October 30, 2020. While the Court previously found that Mr. Shiverdecker was "otherwise defending" the lawsuit, that finding was made over two years ago and shortly after Mr. Lundy initiated this litigation. This matter has now been pending for nearly two and a half years, and Mr. Shiverdecker's involvement has been extremely minimal – including his most recent, brief appearance at an October 4, 2022 telephonic conference in which he advised

the Magistrate Judge that he did not wish to participate in the conference. [Filing No. 67.] Should Mr. Lundy determine not to renew his Application for Clerk's Entry of Default, the Court will allow him to renew his Motion for Summary Judgment, which must be in full compliance with Fed. R. Civ. P. 56, Local Rule 56-1, and this Court's Practices and Procedures, [Filing No. 6]. Any renewed Application for Clerk's Entry of Default or renewed Motion for Summary Judgment must be filed by **December 16, 2022**.

### III.
### CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Lundy's Motion for Judgment on the Pleadings or For Summary Judgment. [63]. Mr. Lundy must file any renewed Application for Clerk's Entry of Default or renewed Motion for Summary Judgment (which complies with Fed. R. Civ. P. 56, Local Rule 56-1, and this Court's Practices and Procedures) by **December 16, 2022**.

Date: 11/18/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

Quinten Shiverdecker
319 South Main St.
Greens Fork, IN 47345